# Daniel Kane, Appellant, *v.* People's Passenger Railway Company.

*Negligence—Street railways—Collision between wagon and trolley car.*

In an action against a street railway company to recover damages for personal injuries suffered in a collision between a car and a wagon in which the plaintiff was riding, it is proper to direct a verdict for defendant where the evidence shows that the car was moving at a moderate rate of speed, and there was no negligence in its management, and that the wagon in which the plaintiff was riding was negligently turned to cross the track when the car was but a very short distance away, and the moment it was discovered everything possible was done to stop the car.

Argued March 24, 1897.  Appeal, No. 13, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 928, on verdict for defendant.  Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Trespass for personal injuries.  Before ARNOLD, P. J.

At the trial it appeared that plaintiff was injured on December 4, 1894, at about five o'clock in the afternoon, by a collision between a trolley car and a wagon in which he was riding at the invitation of the driver.  The evidence showed that the car was run at a moderate rate of speed, and that the driver of the wagon negligently turned on to the track when the car was but a very short distance away, and that the car was stopped as soon as possible.  The court gave binding instructions for defendant. Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for defendant.

*Thomas A. Fahy*, for appellant, cited, Philpott v. R. R., 175 Pa. 570 ; Cougle v. McKee, 151 Pa. 602 ; Bannon v. Lutz, 158 Pa. 166 ; Ely v. Ry., 158 Pa. 233 ; Baker v. Gas Co., 157 Pa. 593 ; Whitman v. R. R., 156 Pa. 175 ; Thatcher v. Traction Co., 166 Pa. 66 ; Haney v. Traction Co., 159 Pa. 395 ; Kestner v. Traction Co., 158 Pa. 422 ; Gilmore v. Ry., 153 Pa. 31 ; Ehrisman v. Ry., 150 Pa. 180 ; Carson v. Ry., 147 Pa. 219 ; Ry. v. Mulhair, 6 W. N. C. 508 ; Reeves v. R. R., 30 Pa. 454 ; Evers v. Traction Co., 176 Pa. 376 ; Harper v. Traction Co., 175 Pa. 129 ; Jackson v. Traction Co., 159 Pa. 399 ; Carr v. Easton, 142 Pa. 139 ; Carlisle v. Brisbane, 113 Pa. 554.

*Dimner Beeber*, *Hampton L. Carson* and *J. Levering Jones*, for appellee, were not heard but cited in their printed brief : Phila. & Reading R. R. v. Hummell, 44 Pa. 375 ; Phila. City Pass. Ry. v. Hassard, 75 Pa. 367 ; Goshorn v. Smith, 92 Pa. 435 ; Ely v. Pittsburg, etc., Ry., 158 Pa. 233 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Dean v. Penna. R. R., 129 Pa. 514 ; O'Toole v. R. R., 158 Pa. 99.

PER CURIAM, April 19, 1897 :

A careful reading of the testimony in this case convinces us that the learned judge of the court below was entirely correct

in directing the jury to find a verdict for the defendant. His reasons are clearly expressed in the opinion on the motion for a new trial. We agree that there was no evidence of negligence on the part of the defendant. The car was moving at a moderate rate of speed, and there was no negligence in its management. The wagon in which the plaintiff was riding was turned to cross the track when the car was but a very short distance away, and the moment it was discovered everything possible was done to stop the car. The testimony does not disclose any want of care on the part of the motorman. It is beyond all question that the wagon was very negligently driven on the track in front of an approaching car. The assigment of error is not sustained.

     Judgment affirmed.